**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUIET COMMUNITIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | No. 1:23-cv-01649-JMC |

**ANSWER**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants the United States Environmental Protection Agency and Administrator Michael S. Regan (together, "EPA"), by and through undersigned counsel, submit the following Answer to the claims and allegations set forth in Plaintiffs' Complaint (ECF No. 1). The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

**INTRODUCTION**[1]

1. The allegations in Paragraph 1 consist of characterizations of Plaintiffs' action, to which no response is required, and characterizations of the Noise Control Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

2. Defendants admit that the Office of Noise Abatement and Control and the Noise Enforcement Division of the Office of Mobile Source and Noise Enforcement were closed in 1982. The remainder of Paragraph 2 asserts conclusions of law, not allegations of fact, and

---

[1] This Answer includes top-level headings from Plaintiffs' Complaint for convenience only. The use of these headings does not constitute an admission of any allegation in the Complaint.

requires no response.  Except as explicitly admitted above, to the extent the remainder of

Paragraph 2 includes any allegation of fact that requires a response, the allegation is denied.

3.     The allegations in Paragraph 3 are vague and are therefore denied.

4.     The first sentence of Paragraph 4 asserts conclusions of law, not allegations of

fact, and requires no response.  The allegations in the second sentence of Paragraph 4 consist of

characterizations of the relief sought, to which no response is required.  To the extent Paragraph

4 includes any allegation of fact that requires a response, the allegation is denied.

## JURISDICTION AND VENUE

5.     Paragraph 5 asserts conclusions of law, not allegations of fact, and requires no

response.  To the extent Paragraph 5 includes any allegation of fact that requires a response, the

allegation is denied.

6.     Paragraph 6 asserts conclusions of law, not allegations of fact, and requires no

response.  To the extent Paragraph 6 includes any allegation of fact that requires a response, the

allegation is denied.

7.     Paragraph 7 asserts conclusions of law, not allegations of fact, and requires no

response.  To the extent Paragraph 7 includes any allegation of fact that requires a response, the

allegation is denied.

8.     Paragraph 8 asserts conclusions of law, not allegations of fact, and requires no

response.  To the extent Paragraph 8 includes any allegation of fact that requires a response, the

allegation is denied.

9.     Paragraph 9 asserts conclusions of law, not allegations of fact, and requires no

response.  To the extent Paragraph 9 includes any allegation of fact that requires a response, the

allegation is denied.

**NOTICE**

10.     Paragraph 10 characterizes Plaintiffs' notice letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with Plaintiffs' notice letter, they are denied.

11.     Defendants admit that more than sixty days passed between March 17, 2023, and the filing of Plaintiffs' Complaint.  The remainder of Paragraph 11 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 11 contains any allegation of fact that requires a response, the allegation is denied.

12.     Paragraph 12 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 12 contains any allegation of fact that requires a response, the allegation is denied.

**PARTIES**

13.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13.

14.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 14.

15.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15.

16.     Defendants admit that Defendant the United States Environmental Protection Agency is an agency of the United States.  The remainder of Paragraph 16 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the

extent the remainder of Paragraph 16 includes any allegation of fact that requires a response, the allegation is denied.

17.     Defendants admit that Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency.  The remainder of the first and second sentences of Paragraph 17 asserts conclusions of law, not allegations of fact, and requires no response.  The third sentence of Paragraph 17 consists of characterizations of Plaintiffs' action, to which no response is required.  Except as explicitly admitted above, to the extent Paragraph 17 includes any allegation of fact that requires a response, the allegation is denied.

## LEGAL AND FACTUAL BACKGROUND

18.     Defendants admit that Congress enacted the Noise Control Act in 1972.  The remaining allegations in Paragraph 18 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

19.     The allegations in Paragraph 19 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

20.     The allegations in Paragraph 20 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

21.     Defendants admit that Congress enacted the Quiet Communities Act in 1978.  The remaining allegations in Paragraph 21 characterize the Quiet Communities Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

22.     The allegations in Paragraph 22 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

23.     Paragraph 23 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 23 contains any allegations of fact, the allegations are vague and are therefore denied.

24.     Defendants admit the allegations in Paragraph 24.

25.     Paragraph 25 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 25 contains any allegations of fact, the allegations are vague and are therefore denied.

26.     The allegations in Paragraph 26 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

27.     Defendants admit that some EPA documents refer to the information published under Sections 5(a)(1) and 5(a)(2) of the Noise Control Act as the "Criteria Document" and "Levels Document," respectively.  The remainder of Paragraph 27 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 27 includes any allegation of fact that requires a response, the allegation is denied.

28.     Defendants admit that EPA published a document titled, "Public Health and Welfare Criteria for Noise," EPA Doc. 550/9-73-002, dated July 27, 1973.  The remaining allegations in Paragraph 28 characterize that document, which speaks for itself and is the best

evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

29.     The allegations in Paragraph 29 are vague and are therefore denied.

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants admit that EPA published a document titled, "Information on Levels of Environmental Noise Requisite to Protect Public Health and Welfare with an Adequate Margin of Safety," EPA Doc. 550/9-74-004, dated March 1974.  The remaining allegations in Paragraph 31 characterize that document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

32.     The allegations in Paragraph 32 are vague and are therefore denied.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

36.     The allegations in Paragraph 36 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

37.     The allegations in Paragraph 37 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

38.     The allegations in Paragraph 38 characterize four EPA reports, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the reports, they are denied.

39.     The allegations in Paragraph 39 are vague and are therefore denied.

40.     Defendants admit that EPA has not identified additional major sources of noise under Section 5 of the Noise Control Act since 1977.  The remainder of Paragraph 40 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 40 includes any allegation of fact that requires a response, the allegation is denied.

41.     The allegations in Paragraph 41 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

42.     The allegations in Paragraph 42 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

43.     The allegations in Paragraph 43 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

44.     The allegations in Paragraph 44 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

45.     Defendants admit that EPA has not published proposed noise emission regulations for power lawn mowers, truck transport refrigeration units, pavement breakers, or rock drills.

The remainder of Paragraph 45 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 45 includes any allegation of fact that requires a response, the allegation is denied.

46.     Paragraph 46 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 46 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 46.

47.     Paragraph 47 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 47 contains any allegations of fact, the allegations are vague and are therefore denied.

48.     The allegations in Paragraph 48 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

49.     The allegations in Paragraph 49 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

50.     The allegations in Paragraph 50 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

51.     Defendants admit that EPA issued a rule titled, "Title 40—Protection of Environment; Chapter I—Environmental Protection Agency; Subchapter G—Noise Abatement Programs; Part 203—Low-Noise-Emission Products; Certification Procedures," published in the Federal Register on February 21, 1974.  39 Fed. Reg. 6670.  The remaining allegations in

Paragraph 51 characterize that rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that rule, they are denied.

52.     Defendants admit that EPA issued a proposed rule titled, "Low Noise Emission Products: Proposed Criteria and Data Requirements," published in the Federal Register on May 27, 1977.  42 Fed. Reg. 27,442.  The remaining allegations in Paragraph 52 characterize that proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

53.     Defendants admit that EPA has not taken final action on the proposed rule referenced in Paragraph 52.

54.     Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 55 contains any allegations of fact, the allegations are vague and are therefore denied.

56.     The allegations in Paragraph 56 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

57.     The allegations in Paragraph 57 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

58.     Defendants admit that in 1979, EPA promulgated a rule titled, "Approval and Promulgation of the General Provisions for Product Noise Labeling," codified at 40 C.F.R. part 211, subpart A.  *See* 44 Fed. Reg. 56,120 (Sept. 28, 1979).  The remaining allegations in

Paragraph 58 characterize that rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that rule, they are denied.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit the allegations in Paragraph 60.

61.     Paragraph 61 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 61 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 61.

62.     Defendants admit that in 1979, EPA promulgated a rule titled, "Approval and Promulgation of Noise Labeling Requirements for Hearing Protectors," codified at 40 C.F.R. part 211, subpart B.  *See* 44 Fed. Reg. 56,130 (Sept. 28, 1979).  The remaining allegations in Paragraph 62 characterize that rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that rule, they are denied.

63.     The allegations in Paragraph 63 are vague and are therefore denied.

64.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 characterize the American National Standards Institute's testing standards and EPA's 1979 labeling regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these testing standards and labeling regulations, they are denied.

66.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 66.

67.     Defendants lack sufficient knowledge to admit or deny the allegations in the first and second sentences of Paragraph 67.  The allegations in the third sentence of Paragraph 67 are vague and are therefore denied.

68.     Defendants admit that EPA issued a proposed rule titled, "Product Noise Labeling Hearing Protection Devices," published in the Federal Register on August 5, 2009.  74 Fed. Reg. 39,150.  The remaining allegations in Paragraph 68 characterize that proposed rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that proposed rule, they are denied.

69.     The allegations in Paragraph 69 characterize the proposed rule discussed in Paragraph 68, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that proposed rule, they are denied.

70.     Defendants admit that public comments on the proposed rule discussed in Paragraph 68 were due on or before November 4, 2009.  *See* 74 Fed. Reg. 42,223 (Aug. 21, 2009).  The remaining allegations in Paragraph 70 are vague and are therefore denied.

71.     Defendants deny the allegations in Paragraph 71.  Defendants aver that EPA held one public hearing on the proposed rule discussed in Paragraph 68 on October 7, 2009.  *See* 74 Fed. Reg. 42,223 (Aug. 21, 2009).

72.     Defendants admit that EPA has not taken final action on the proposed rule discussed in Paragraph 68.

73.     The allegations in Paragraph 73 are vague and are therefore denied.

74.     The allegations in Paragraph 74 are vague and are therefore denied.

75.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

77.     The allegations in Paragraph 77 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

78.     The allegations in Paragraph 78 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit the allegations in Paragraph 80.

81.     Defendants admit the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are vague and are therefore denied.

83.     Paragraph 83 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 83 includes any allegation of fact that requires a response, the allegation is denied.

84.     Paragraph 84 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 84 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

86.     Defendants admit that EPA published a document titled, "First Report on Status and Progress of Noise Research and Control Programs in the Federal Government," EPA Doc. 550/9-75-023, dated June 1975.  The remaining allegations in Paragraph 86 characterize that document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

87.     The allegations in Paragraph 87 characterize an unspecified EPA report from 1980, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that report, they are denied.

88.     The allegations in Paragraph 88 are vague and are therefore denied.

89.     The allegations in Paragraph 89 characterize an unspecified EPA report from 1980, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that report, they are denied.

90.     The allegations in Paragraph 90 are vague and are therefore denied.

91.     Defendants admit that since at least 1982, EPA has not published a report under Section 4(c) of the Noise Control Act.  The remaining allegations in Paragraph 91 are vague and are therefore denied.

92.     The allegations in Paragraph 92 are vague and are therefore denied.

93.     The allegations in Paragraph 93 are vague and are therefore denied.

94.     The allegations in Paragraph 94 are vague and are therefore denied.

95.     The allegations in Paragraph 95 are vague and are therefore denied.

96.     The allegations in Paragraph 96 are vague and are therefore denied.

97.     The allegations in Paragraph 97 are vague and are therefore denied.

98.     The allegations in Paragraph 98 are vague and are therefore denied.

99.     The allegations in Paragraph 99 characterize statements in an unspecified EPA document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the unspecified document, they are denied.

100.     The allegations in Paragraph 100 characterize statements in an unspecified document by unidentified academic researchers, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the unspecified document, they are denied.

101.     Paragraph 101 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 101 contains any allegations of fact, the allegations are vague and are therefore denied.

102.     Defendants admit the allegations in Paragraph 102.

103.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 103.

104.     The allegations in Paragraph 104 characterize statements in unspecified studies, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these studies, they are denied.

105.     The allegations in Paragraph 105 are vague and are therefore denied.

106.     Defendants admit that EJScreen 2.0 does not include data on noise.  The remaining allegations in Paragraph 106 are vague and are therefore denied.

**ALLEGATIONS OF INJURY**

107.     Paragraph 107 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 107 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 107.

108.    Paragraph 108 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 108 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 108.

109.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 109.

110.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 110.

111.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 111.

112.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 112.

113.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 113.

114.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 114.

115.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 115.

116.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 116.

117.    Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 117.

118.     Paragraph 118 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 118 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 118.

119.     Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 119.

120.     Paragraph 120 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 120 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 120.

121.     Paragraph 121 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 121 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 121.

122.     Paragraph 122 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 122 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 122.

123.     Paragraph 123 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 123 includes any allegation of fact that requires a response, the allegation is denied.

**CLAIMS FOR RELIEF**

**First Claim for Relief:**
**Failure to Perform Nondiscretionary Duties Under**
**Sections 5(a)(1) and 5(c) of the Noise Control Act, 42 U.S.C. §§ 4904(a)(1), (c)**

124.     Defendants incorporate the responses to all previous paragraphs by reference.

125.     The allegations in Paragraph 125 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

16

126.     The allegations in Paragraph 126 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

127.     Defendants admit the allegations in Paragraph 127.

128.     Paragraph 128 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 128 includes any allegation of fact that requires a response, the allegation is denied.

129.     Paragraph 129 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 129 includes any allegation of fact that requires a response, the allegation is denied.

130.     Paragraph 130 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 130 includes any allegation of fact that requires a response, the allegation is denied.

**Second Claim for Relief:**
**Failure to Perform Nondiscretionary Duties Under**
**Sections 5(a)(2) and 5(c) of the Noise Control Act, 42 U.S.C. §§ 4904(a)(2), (c)**

131.     Defendants incorporate the responses to all previous paragraphs by reference.

132.     The allegations in Paragraph 132 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

133.     The allegations in Paragraph 133 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

134.     Defendants admit the allegations in Paragraph 134.

135.     Paragraph 135 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 135 includes any allegation of fact that requires a response, the allegation is denied.

136.     Paragraph 136 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 136 includes any allegation of fact that requires a response, the allegation is denied.

137.     Paragraph 137 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 137 includes any allegation of fact that requires a response, the allegation is denied.

### Third Claim for Relief:
### Failure to Perform Nondiscretionary Duties Under
### Sections 5(b) and 5(c) of the Noise Control Act, 42 U.S.C. §§ 4904(b), (c)

138.     Defendants incorporate the responses to all previous paragraphs by reference.

139.     The allegations in Paragraph 139 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

140.     The allegations in Paragraph 140 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

141.     Defendants admit that EPA has not identified new major sources of noise under Section 5 of the Noise Control Act since 1977.  The remainder of Paragraph 141 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent the remainder of Paragraph 141 includes any allegation of fact that requires a response, the allegation is denied.

142.    Paragraph 142 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 142 includes any allegation of fact that requires a response, the allegation is denied.

143.    Paragraph 143 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 143 includes any allegation of fact that requires a response, the allegation is denied.

144.    Paragraph 144 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 144 includes any allegation of fact that requires a response, the allegation is denied.

145.    Paragraph 145 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 145 includes any allegation of fact that requires a response, the allegation is denied.

**Fourth Claim for Relief:**
**Failure to Perform Nondiscretionary Duties Under**
**Section 6 of the Noise Control Act, 42 U.S.C. § 4905**

146.    Defendants incorporate the responses to all previous paragraphs by reference.

147.    The allegations in Paragraph 147 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

148.    The allegations in Paragraph 148 characterize a 1975 Federal Register notice, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the notice, they are denied.

149.    The allegations in Paragraph 149 characterize two Federal Register notices, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the notices, they are denied.

150.    Defendants admit that EPA has not issued proposed regulations for truck transport refrigeration units, power lawn mowers, pavement breakers, or rock drills under Section 6 of the Noise Control Act.  The remainder of Paragraph 150 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 150 includes any allegation of fact that requires a response, the allegation is denied.

151.    Defendants admit that more than eighteen months have passed since EPA identified truck transport refrigeration units, power lawn mowers, pavement breakers, and rock drills as major sources of noise.  The remainder of Paragraph 151 asserts conclusions of law, not allegations of fact, and requires no response.  Except as explicitly admitted above, to the extent the remainder of Paragraph 151 includes any allegation of fact that requires a response, the allegation is denied.

152.    Paragraph 152 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 152 includes any allegation of fact that requires a response, the allegation is denied.

153.    Paragraph 153 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 153 includes any allegation of fact that requires a response, the allegation is denied.

154.    Paragraph 154 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 154 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 154.

155.     Paragraph 155 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 155 contains any allegations of fact, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 155.

156.     Paragraph 156 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 156 includes any allegation of fact that requires a response, the allegation is denied.

### Fifth Claim for Relief:
### Failure to Perform Nondiscretionary Duties Under
### Section 15 of the Noise Control Act, 42 U.S.C. § 4914

157.     Defendants incorporate the responses to all previous paragraphs by reference.

158.     The allegations in Paragraph 158 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

159.     The allegations in Paragraph 159 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

160.     The allegations in Paragraph 160 are vague and are therefore denied.

161.     Paragraph 161 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 161 includes any allegation of fact that requires a response, the allegation is denied.

162.     Paragraph 162 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 162 includes any allegation of fact that requires a response, the allegation is denied.

163.    Paragraph 163 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 163 includes any allegation of fact that requires a response, the allegation is denied.

**Sixth Claim for Relief:**
**Failure to Perform Nondiscretionary Duties Under**
**Section 8 of the Noise Control Act, 42 U.S.C. § 4907**

164.    Defendants incorporate the responses to all previous paragraphs by reference.

165.    The allegations in Paragraph 165 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

166.    The allegations in Paragraph 166 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

167.    Defendants admit the allegations in Paragraph 167.

168.    Paragraph 168 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 168 includes any allegation of fact that requires a response, the allegation is denied.

169.    Paragraph 169 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 169 includes any allegation of fact that requires a response, the allegation is denied.

170.    Paragraph 170 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 170 includes any allegation of fact that requires a response, the allegation is denied.

171.    Paragraph 171 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 171 includes any allegation of fact that requires a response, the allegation is denied.

### Seventh Claim for Relief:
### Failure to Perform Nondiscretionary Duties Under
### Section 14 of the Noise Control Act, 42 U.S.C. § 4913

172.    Defendants incorporate the responses to all previous paragraphs by reference.

173.    The allegations in Paragraph 173 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

174.    Paragraph 174 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 174 includes any allegation of fact that requires a response, the allegation is denied.

175.    Paragraph 175 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 175 includes any allegation of fact that requires a response, the allegation is denied.

176.    The first sentence of Paragraph 176 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent the first sentence of Paragraph 176 includes any allegations of fact, Defendants lack sufficient knowledge to admit or deny those allegations. Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 176.

177.    Paragraph 177 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 177 includes any allegation of fact that requires a response, the allegation is denied.

178.    Paragraph 178 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 178 includes any allegation of fact that requires a response, the allegation is denied.

**Eighth Claim for Relief:**
**Failure to Perform Nondiscretionary Duties Under**
**Section 4 of the Noise Control Act, 42 U.S.C. § 4903**

179.    Defendants incorporate the responses to all previous paragraphs by reference.

180.    The allegations in Paragraph 180 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

181.    The allegations in Paragraph 181 characterize the Noise Control Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Noise Control Act, they are denied.

182.    Defendants deny the allegations in Paragraph 182.

183.    Paragraph 183 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 183 includes any allegation of fact that requires a response, the allegation is denied.

184.    Paragraph 184 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 184 includes any allegation of fact that requires a response, the allegation is denied.

185.    Paragraph 185 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 185 includes any allegation of fact that requires a response, the allegation is denied.

**Ninth Claim for Relief:**
**Agency Action Unlawfully Withheld or Unreasonably Delayed Under the Administrative**
**Procedure Act, 5 U.S.C. § 706(1)**

186.    Defendants incorporate the responses to all previous paragraphs by reference.

187.    The allegations in Paragraph 187 characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Administrative Procedure Act, they are denied.

188.    Paragraph 188 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 188 includes any allegation of fact that requires a response, the allegation is denied.

189.    The allegations in Paragraph 189 characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Administrative Procedure Act, they are denied.

190.    Paragraph 190 consists of characterizations of Plaintiffs' action, to which no response is required.  To the extent Paragraph 190 includes any allegation of fact that requires a response, the allegation is denied.

191.    Paragraph 191 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 191 includes any allegation of fact that requires a response, the allegation is denied.

192.    Paragraph 192 asserts conclusions of law, not allegations of fact, and requires no response.  To the extent Paragraph 192 includes any allegation of fact that requires a response, the allegation is denied.

## PRAYER FOR RELIEF

The remainder of the Complaint characterizes the relief Plaintiffs request and so requires no response.  To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief.

## GENERAL DENIAL

If any allegation is not admitted, qualified, or otherwise specifically responded to, Defendants deny that allegation.

## DEFENSES

Defendants reserve the right to assert every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12.

Dated: September 7, 2023

Respectfully submitted,

TODD KIM
Assistant Attorney General

 /s/  *Andrew D. Knudsen*

Of Counsel:
Matthew Schwarz
Acting Assistant General Counsel
U.S. Environmental Protection Agency
Office of General Counsel

ANDREW D. KNUDSEN
Trial Attorney (DC Bar No. 1019697)
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611 (regular mail)
150 M Street NE (overnight)
Washington, DC 20044
(202) 353-7466
Andrew.Knudsen@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on September 7, 2023, a copy of the foregoing was served by electronic

means on all counsel of record by the Court's CM/ECF system.

                                              */s/  Andrew D. Knudsen*
                                              Andrew D. Knudsen