# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| QUIET COMMUNITIES, INC.<br>60 Thoreau St.<br>Suite 261<br>Concord, MA 01742; *and*<br><br>JEANNE M. KEMPTHORNE,<br>*Plaintiffs*.<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; *and*<br><br>MICHAEL S. REGAN, in his official capacity as Administrator,<br><br>United States Environmental Protection Agency<br>Mail Code 1101A<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460,<br>*Defendants*. | ) | Case No. 1:23-cv-01649-JMC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 7(h)(1), Plaintiffs Quiet Communities, Inc., and Jeanne M. Kempthorne submit this response to Defendants' Statement of Additional Material Facts as to Which There Is No Genuine Dispute (ECF 19-7) ("Defendants' SOF").

Plaintiffs disagree that review in this case is "based solely on the administrative record." Defs.' SOF 1. No such record exists in this case. EPA never lodged a record as required by LCvR 7(n)(1). Because this is not a record review case, Plaintiffs are entitled under Fed. R. Civ.

P. 56 to support their motion for summary judgment with affidavits, declarations, documents, and "other materials." Moreover, Parties are required to file statements of undisputed material facts with their motions for summary judgment.

## GENERAL OBJECTIONS

A number of the factual statements in Defendants' SOF are not material to this Court's resolution of Plaintiffs' claims because they are not "capable of affecting the outcome of [the] dispute." *Hall & Associates v. EPA*, 633 F. Supp. 3d 35, 54 (D.D.C. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). That is, regardless of their veracity, they are irrelevant to determining whether EPA has "fail[ed] . . . to perform any act or duty under [the Noise Control Act] which is not discretionary" under 42 U.S.C. § 4911(a)(2)(A) or has "unreasonably delayed" agency action under 5 U.S.C. § 706(1).

In these responses to Defendants' SOF, Plaintiffs have attempted to identify those factual assertions that are immaterial. However, Plaintiffs reserve their right to argue that additional factual assertions are immaterial, and any statement by Plaintiffs that a fact is undisputed should not be taken as an agreement that it is material.

As stated above, there is no administrative record in this case. Therefore, Plaintiffs contest EPA's assertion that testimony contained in affidavits submitted with Plaintiffs' Motion for Summary Judgment is "extra-record" and incapable of supporting factual assertions. Defs.' SOF 2.

## RESPONSE TO DEFENDANTS' SOF

1. EPA promulgated noise labeling requirements for hearing protective devices under Section 8 of the Noise Control Act in 1979. 40 C.F.R. pt. 211 subpt. B; 44 Fed. Reg. 56130 (Sept. 28, 1979).

**Response**: Undisputed but immaterial

2. In March 1981, the President submitted a proposed federal budget to Congress that included a plan to phase out the EPA noise control program by the end of 1982. The budget request included $2,200,000 in funding for fiscal year 1982 to provide for an "orderly phase-out of current program activities," and no funding for fiscal year 1983 or later. S. Rep. 97-110, at 2 (May 15, 1981); H. Rep. 97-85, at 3 (May 19, 1981); GAO Report at 15.

**Response**: Undisputed, with the clarification that the documents cited in support merely reflect one "administration's position" on federal noise control. GAO Report at 15. They do not reflect Congressional action. The proposed bills cited by Defendants to support this statement, H.R. 3071, 97th Cong. (1981) and S. 1204, 97th Cong. (1981), were never enacted.

3. As explained in the President's budget submission, the justification for this plan was the President's "determination that the benefits of noise control are highly localized and that the function of noise control can be adequately carried out at the State and local level without the presence of a Federal program." S. Rep. 97-110, at 2 (May 15, 1981); H. Rep. 97-85, at 3 (May 19, 1981); GAO Report at 15.

**Response**: Undisputed but immaterial

4. Consistent with the President's budget proposal, Congress did not appropriate any funding to EPA for implementation of the Noise Control Act in fiscal year 1983 or later. GAO Report at 15.

**Response**: Plaintiffs object to this statement on the basis that it indicates Congress either explicitly denied funding for the Noise Control Act or that Congress was required to explicitly direct funds to NCA purposes in order for EPA to carry out its duties under the Act beyond 1982, neither of which is accurate (*see* Plaintiffs' Consolidated Reply and Opposition to Defendants'

Cross-Motion for Summary Judgment, Dkt. 21, pp. 1–9). None of EPA's appropriations bills before 1981 (when EPA actively carried out the mandates of the NCA) or after 1981 (in the years EPA claims Congress failed to fund the NCA) directed or denied funds for NCA purposes.[9]

5. On December 1, 1981, EPA published a notice of intent to withdraw its identification of truck transport refrigeration units, power lawn mowers, pavement breakers, and rock drills as major sources of noise in the Federal Register. 47 Fed. Reg. 54108 (Dec. 1, 1982).

**Response**: Undisputed as to the fact that this notice was published. EPA's characterization of this notice in its Cross-Motion for Summary Judgment as constituting a final agency action is disputed.

Dated: March 18, 2024.

Respectfully submitted,

/s/ Jeffrey M. Feldman
Jeffrey M. Feldman (D.C. Bar No. WA0032)
Summit Law Group
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104-2682
Tel: (206) 676-7000
jefff@summitlaw.com

/s/ Sanne Knudsen
Sanne Knudsen (*Admitted Pro Hac Vice*)
WSBA Bar No. 52654
Regulatory Environmental Law & Policy
Clinic
University of Washington School of Law
4293 Memorial Way NE
Seattle, WA 98195-0001
Tel: (206) 221-7443

[9] *See* Pub. L. No. 94-116, 89 Stat. 581 (1975); Pub. L. No. 94-378, 90 Stat. 1095 (1976); Pub. L. No. 95-119, 91 Stat. 1073 (1977); Pub. L. No. 95-392, 92 Stat. 791 (1978); Pub. L. No. 96-103, 93 Stat. 771 (1979); Pub. L. No. 96-526, 94 Stat. 3044 (1980); Pub. L. No. 97-101, 95 Stat. 1417 (1981); Pub. L. No. 97-272, 96 Stat. 1160 (1982); Pub. L. No. 98-45, 97 Stat. 219 (1983); Pub. L. No. 98-371, 98 Stat. 1213 (1984).

sknudsen@uw.edu

/s/ Erica Proulx
Erica Proulx (*Admitted Pro Hac Vice*)
WSBA Bar No. 60155
Regulatory Environmental Law & Policy Clinic
University of Washington School of Law
4293 Memorial Way NE
Seattle, WA 98195-0001
Tel: (206) 616-7329
uwdiehlfellow@uw.edu

*Attorneys for Plaintiffs Quiet Communities, Inc., and Jeanne M. Kempthorne*